UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TYRONE JEWETT, | : | |
| *Petitioner*, | : | |
| v. | : | Case No. 1:18-cv-406 |
| WARDEN, NOBLE CORRECTIONAL INSTITUTION, | : | Judge Jeffery P. Hopkins |
| *Respondent*. | : | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation of United States Magistrate Judge (Doc. 21), to whom this case was referred pursuant to 28 U.S.C. § 636(b). Noting that no objections have been filed and that the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, the Court hereby **ADOPTS** the Report and Recommendation in its entirety.

After carefully considering the filings in this matter and the Magistrate Judge's findings, the Court is satisfied that the Magistrate Judge is correct that the Respondent's motion to lift the stay should be denied so that the Petitioner can exhaust his state remedies on the claim of newly discovered evidence in the Ohio appellate courts. It is settled law that the exhaustion of state remedies for a claim raised in a federal habeas corpus action requires that the habeas petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this and other circuits, this means that a habeas prisoner usually must "present his claim to the state's highest court in

order to exhaust state remedies." *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *see also Hughes v. Stafford,* 780 F.2d 1580, 1581 (11th Cir. 1986); *Toney v. Franzen,* 687 F.2d 1016, 1021 (7th Cir. 1982).

Here, the Court takes judicial notice of the decision recently handed down by the Ohio appeals court on March 22, 2023. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (noting that a federal court can take judicial notice of another court's records that are available online to members of the public). In the decision, the Ohio appeals court rejected the Petitioner's claim of newly discovered evidence as a basis for postconviction relief and for a new trial. *State v. Jewett*, Case No. 22CA4004, 2023 WL 2620075 (Ohio Ct. App. Mar. 22, 2023). That decision has been appealed to the Supreme Court of Ohio. *State v. Jewett*, Case No. 23-0555 (Ohio Apr. 26, 2023).

Based on the foregoing, the Petitioner appears still to be in the process of exhausting his claim of newly discovered evidence through an appeal to the Supreme Court of Ohio. As the Magistrate Judge correctly found, the stay of these proceedings should therefore remain in place until the Petitioner's state remedies are fully exhausted.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Doc. 21) is **ADOPTED**. Consistent with the Report and Recommendation, Respondent's motion to lift the stay (Doc. 18) is **DENIED**. Further, the Petitioner's motion for an enlargement or extension of time to continue the stay (Doc. 19) is **GRANTED** to allow this case to remain stayed while Petitioner exhausts his claim for relief.

**IT IS SO ORDERED.**

Dated: May 5, 2023

Hon. Jeffery P. Hopkins
United States District Judge