# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TYRONE JEWETT,<br>      Petitioner, | Case No. 1:18-cv-406 |
| | Hopkins, J. |
| vs. | Bowman, M.J. |
| WARDEN, NOBLE<br>CORRECTIONAL INSTITUTION,<br>      Respondent. | **REPORT AND<br>RECOMMENDATION** |

This habeas corpus action is before the Court on petitioner's unopposed motion to lift stay, reinstate this case, and leave to file an amended petition. (Doc. 32). For the reasons below, it is recommended that petitioner's motion be granted.

This matter was stayed in order to provide petitioner with the opportunity to exhaust a due process claim in the state courts (*See* Doc. 16 at PageID 1844, 1847-48). The Court previously adopted a Report and Recommendation to deny federal habeas relief based on Grounds One through Four of the petition. (*See* Doc. 16). Based on the evidence filed by petitioner after the Report and Recommendation was issued (*see* Doc. 14),[1] the Court construed petitioner's filing as a motion to amend to include "a new free-standing due process claim," granted the motion, and stayed this action to allow petitioner the opportunity to exhaust the new claim in the Ohio courts. (*See* Doc. 16 at PageID 1844).

It appears from the present record and review of the Scioto County Clerk of Court's online

---

[1] Petitioner filed objections to the Report and Recommendation and a notice of newly discovered evidence. (Doc. 13, 14). In the notice, petitioner included a newspaper article discussing allegations that his trial court judge suffered from substance abuse problems while on the bench and was suffering from "alcoholic encephalopathy" by the time of the article. As noted below, the Court construed the notice as a motion to amend and stayed this action, finding that although petitioner did not allege that the trial court judge was under the influence of drugs or alcohol at the time of his trial, that the article's allegations were troubling and the Court could not rule out the possibility that further factual development could justify relief. (*See* Doc. 16 at PageID 1847-48).

docket records,[2] that petitioner has fully exhausted his state court remedies in compliance with the conditions set forth in this Court's Order. Specifically, it appears that petitioner pursued a post-conviction petition and motion for new trial in the state trial court and appealed the decisions of the trial court to the Ohio Court of Appeals and the Ohio Supreme Court.[3]

Accordingly, because it appears that petitioner has fully complied with this Court's Order staying this action (Doc. 16), it is **RECOMMENDED** that petitioner's unopposed motion to reinstate the case to the Court's active docket (Doc. 32) be **GRANTED** and this action be reinstated to the Court's active docket. It is further **RECOMMENDED** that petitioner be ordered to file an amended petition, including his exhausted claim, **within thirty (30) days** and respondent be ordered to file an answer to the amended petition **within (60) days**.

**IT IS SO RECOMMENDED.**


                                             *s/Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely

---

[2] Viewed at https://sciotoclerk.com/online-records/ under Case No. 15-CR-000241A. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[3] Most recently, on January 2, 2024, petitioner filed a motion for an enlargement of time to file an application for reconsideration in the Ohio Court of Appeals and, on March 28, 2024, an appeal of the Ohio Court of Appeals' decision denying his motion. Although the appeal remains pending in the Ohio Supreme Court, it appears that petitioner has exhausted his state court remedies in compliance with the stay order by pursuing his post-conviction petition and new trial motion through the requisite levels of appellate review.

motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).