# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TYRONE JEWETT
Aka TYRONN JEWETT[1],

          Petitioner,  :        Case No. 1:18-cv-406

    - vs -         District Judge Jeffery P. Hopkins
                    Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                          :
          Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Tyrone Jewett under 28 U.S.C. § 2254. Jewett seeks relief from his convictions in the Scioto County Court of Common Pleas on twenty-two counts of trafficking in heroin or cocaine, three counts of money laundering, two counts of possession of criminal tools, one count each of engaging in a pattern of corrupt activity, conspiracy to engage in a pattern of corrupt activity, having weapons while under disability, illegal conveyance of a drug of abuse into a detention facility, receiving stolen property and conspiracy to traffic in drugs for which he was sentenced to an aggregate forty years in prison (Amended Petition, ECF No. 34). On District Judge Hopkins' Order (ECF No. 36), Respondent has filed a Return to the Amended Petition (ECF No. 39) and has supplemented the State Court Record (ECF

---

[1] This aka is the spelling of his name Petitioner used on his Traverse.

1

No. 38). With leave of Court, Petitioner has filed a Traverse to the Return (ECF No. 43), rendering the case ripe for decision.

Pursuant to Amended General Order 22-05, the Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 41).

**Litigation History**

Jewett filed his original Petition in this case June 8, 2018 (Petition, ECF No. 1). On October 8, 2020, District Judge Douglas Cole, to whom the case was then assigned, adopted Magistrate Judge Bowman's recommendation to dismiss with prejudice the four grounds for relief pleaded in the Petition, but did not then enter judgment, instead staying the case to allow Jewett to exhaust his state court remedies as to the claim he raised in his Notice of Newly Discovered Evidence (ECF No. 16, referring to ECF No. 14). On July 12, 2023, Petitioner moved to lift the stay and for leave to amend the Petition (ECF No. 32). Judge Bowman recommended that the motion be granted (Report, ECF No. 33). Without waiting for the Report to be adopted, Jewett filed his Amended Petition by placing it in the institutional mail system May 30, 2024 (ECF No. 34, PageID 2070).[2]

On September 6, 2024, District Judge Hopkins, to whom the case had been transferred, lifted the stay and set October 10, 2024, as the due date for a Return to the Amended Petition and supplementation of the State Court Record (ECF No. 36). Respondent met those dates and Jewett

---

[2] For unexplained reasons, the Amended Petition was not docketed until June 27, 2024. The envelope is postmarked June 3, 2024, and correctly addressed to the Clerk at 85 Marconi Blvd., Columbus, Ohio 43215.

subsequently filed his Traverse.

# Analysis

The Amended Petition pleads two Grounds for Relief:

> **Ground One**:  Petitioner suffers denial of due process and right to a fair trial pursuant to the prejudice suffered from a trial before an incapacitated judge and failure of the mechanism designed to correct such.
>
> **Ground Two:** The consecutive sentences imposed below fail the Eighth Amendment disproportionality test and/or violate the Fifth Amendment prohibition against multiple punishments for the same offense.

(ECF No. 34, PageID 2063, 2066).

**Statute of Limitations**

Respondent asserts both Grounds for Relief are barred by the statute of limitations.

Traditionally, there was no statute of limitations for federal habeas corpus claims; they could be raised as long as the petitioner was still in custody on the challenged conviction.  This changed with enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  The limitations statute it enacted is codified at 28 U.S.C. § 2244(d) as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Conclusion of Direct Review**

Respondent asserts the limitations date should be calculated under § 2244(d)(1)(A) from the date the conviction became final on direct review. The Supreme Court of Ohio concluded state court direct review when it declined jurisdiction of Jewett's appeal September 17, 2017. *State v. Jewett*, 150 Ohio St.3d 1444 (2017). Under the AEDPA, finality came ninety days later when Jewett's time for seeking certiorari from the Supreme Court expired on December 16, 2017. The statute began to run that day and expired one year later on December 16, 2018. Jewett filed his original Petition June 8, 2018, but it did not include either of the claims made in the Amended Petition. Jewett's Motion to Lift the Stay and Amend was not filed until July 12, 2023 (ECF No. 32).

The usual practice in this Court in all civil cases, including in habeas corpus, is to attach a copy of the proposed amended pleading to a motion to amend so as to allow the Court to apply the

4

standards of *Foman v. Davis*, 371 U.S. 178 (1962), in deciding whether to allow an amendment. As noted above, Jewett did not follow that practice and indeed filed the Amended Petition even before he had been granted leave to do so. Thus the Court did not have an opportunity to assess the content of the Amended Petition before it was filed to determine whether it met the *Foman* standard.

The original Petition here was timely, but amendments to a pleading do not "relate back" under Fed.R.Civ.P. 15(c)(1) to the original filing date unless they depend on a "common core of operative facts"

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650). Jewett's new claims about being tried by an alcohol-impaired judge, being subjected to improper consecutive sentencing, and being punished twice for the same crime do not in any way relate to the core of facts supporting his original four claims. If measured against 28 U.S.C. § 2244(d)(1)(A), Jewett's claims in the Amended Petition are time-barred.

**Discovery of the Factual Predicate of the Claim**

Alternatively, the statute may run from the date on which a petitioner could have discovered the factual predicate of the claim in the exercise of due diligence, if that date is later

5

than conclusion of direct review. 28 U.S.C. § 2244(d)(1)(D). Jewett appears to claim the benefit of this section of the statute when he writes:

> Jewett stated facts, with support of newspaper articles, that clearly and convincingly established he could not have learned of the judge's incapacitation, with reasonable diligence, after the 120-day period for a motion for new trial. The announcement didn't establish incapacitation, because the judge was only suspended, not disbarred from law.

Traverse, ECF No. 43, PageID 2327.

Jewett confuses the issue by asserting the Fourth District Court of Appeals applied the wrong standard of proof to his Motion for Leave to Filed a Motion for New Trial (Traverse, ECF No. 43, PageID 2325, citing Decision and Judgment Entry, State Court Record, ECF No. 38, Ex. 42). In fact the Fourth District explicitly applied the "clear and convincing evidence" standard in evaluating the evidence Jewett presented. *Id.* at PageID 2188-89. He asserts this somehow converted the clear and convincing standard in Ohio R. Crim. P. 33 to proof beyond a reasonable doubt. *Id.* at PageID 2326, citing *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). On the contrary, ¶ 3 of the *Cross* syllabus says nothing about converting a clear and convincing evidence standard to a beyond a reasonable doubt standard, but merely points out the well-understood and established difference between the two standards. The Fourth District says it employed the correct (under Ohio law) standard and there is no reasons not to take it at its word.

This discussion is, however, somewhat aside from the issue of whether the Amended Petition was filed within the time required by § 2244(d)(1)(D). To put it another way, whether the Amended Petition meets the statute is a federal question on which the combined finding of fact and conclusion of law of the Fourth District that it did not meet the Ohio standard for a delayed motion for new trial is not conclusive; it does not have *res judicata* effect on the federal question.

The Fourth District's underlying findings of historical fact are important, but do not preclude us from considering the federal question *de novo*.

Arguing that issue, Jewett claims he could not have discovered the factual predicate of Ground One – that Judge Marshall was incapacitated by alcoholism during the trial – until the time he filed his Newly Discovered Evidence Motion in this Court on October 4, 2019 (ECF No. 14). In that document he says nothing about his own efforts to discover the factual predicate of Ground One. Instead he uses the passive voice: "The Petitioner … has recently been made aware of documents. . ." *Id.* at PageID 1811. The balance of the Motion quotes from internet posts from The Cincinnati Enquirer about Judge Marshall. The case was tried in 2015; Jewett was sentenced in September of that year. His direct appeal was final on April 24, 2017 (State Court Record, ECF No. 6, Ex. 14). From that time on he has been proceeding *pro se* in attempting to overturn his conviction. To say he acted with due diligence by waiting until May, 2019, until some unnamed person made him aware of Judge Marshall's drinking problem would be essentially to write the due diligence standard out of the statute. Considering the facts relied on by Jewett independently of any conclusion of the Fourth District, the Magistrate Judge concludes Jewett has not shown he acted with due diligence in attempting to learn the factual predicate of Ground One.

Jewett apparently makes no claim that the factual predicate(s) of Ground Two could not have been discovered in the exercise of due diligence until less than a year before June 27, 2024, when he filed his Amended Petition. Instead he argues "At Jewett's direct appeal, *Gwynne* didn't exist." Jewett does not give a citation, but is presumably referring to the decision in *State v. Gwynne,* 173 Ohio St. 3d 525 (Oct. 25, 2023). That case certainly had not been decided at the time of Jewett's direct appeal, but he fails to explain how that decision gives him a later start date for the statute of limitations. He may be making a claim under § 2244(d)(1)(C), but that statute

7

only applies to decisions of the United States Supreme Court, not state supreme courts.

In sum, Jewett has not proven entitlement to a later start date than that prescribed in § 2244(d)(1)(A) and under that statute both Grounds for Relief are barred by the statute of limitations.

**Procedural Default**

Respondent argues both Grounds for Relief in the Amended Petition are barred by Jewett's unexcused procedural defaults in presenting them to the Ohio courts. Jewett makes no response to this defense beyond a statement in his Conclusion that "None of the grounds suffer procedural defaults and have been presented in a manner consistent with Ohio's rules of procedure." (Traverse, ECF No. 43, PageID 2328).

Jewett's first attempt to bring Ground One to the Ohio courts for decision was a Petition for Post-Conviction Relief filed February 22, 2021 (State Court Record, ECF No. 18-1, Ex. 26). Because Jewett did not file this petition within the time allowed by Ohio Revised Code § 2953.21, he was required to satisfy the higher, indeed jurisdictional, standard of Ohio Revised Code § 2953.23 as he conceded in the pleading. In the judgment of the Scioto County Court of Common Pleas, he did not meet this standard and the trial court denied the petition. (State Court Record, ECF No. 18-2). He appealed to the Fourth District which affirmed (ECF No. 38, Ex. 34). Jewett never appealed to the Ohio Supreme Court.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state

> procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

Because Jewett procedurally defaulted Ground One by failing to appeal to the Supreme Court of Ohio and has not excused that default with a showing of cause and prejudice, Ground One should be dismissed as procedurally defaulted.

Jewett attempted to present Ground Two to the Ohio courts by way of a motion for reconsideration to the Fourth District January 2, 2024. He sought leave to file such an application beyond the time ordinarily allowed under Ohio law, arguing the decision in *Gwynne* presented an excusing extraordinary circumstance (State Court Record, ECF No. 38, Ex. 47). The Fourth District denied leave to file, concluding *Gwynne's* recent decision did not present an extraordinary circumstance which might merit reconsideration because there had been no assignment of error challenging the consecutive sentence. (Decision, State Court Record, ECF No. 38, Ex. 48). Jewett appealed to the Ohio Supreme Court, but that Court declined jurisdiction. *Id.* at Ex. 52. He made no other effort to present Ground Two to the Ohio courts, such as a petition for an Ohio writ of

9

habeas corpus.  His Second Ground for Relief is also barred by procedural default.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Amended Petition be dismissed with prejudice.  Judgment should entered dismissing both the original Petition and the Amended Petition with prejudice.  Because Respondent's affirmative defenses completely dispose of the case, there is no need to expend scarce judicial resources on further analysis of the merits.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 21, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.