# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TYRONE JEWETT,

      Petitioner,  :     Case No. 1:18-cv-406


  - vs -           District Judge Jeffery P. Hopkins
               Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
 Institution,

              :
      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Tyrone Jewett under 28 U.S.C. § 2254. Jewett seeks relief from his convictions in the Scioto County Court of Common Pleas (Petition, ECF No. 1). On February 21, 2025, the undersigned filed a Report and Recommendations (the "Report," ECF No. 45). Petitioner has objected (the "Objections," ECF No. 46) and District Judge Hopkins has recommitted the case pursuant to Fed.R.Civ.P. 72(b)(3) for consideration of the Objections (Order, ECF No. 47).

This case is before the Court only on the claims made in the Amended Petition (ECF No. 34). The Court has already ordered the claims made in the original Petition to be dismissed, but has not yet entered judgment, having stayed the case to permit Petition to exhaust in state court the claims made in his Amended Petition (ECF No. 16).

1

**Litigation History Regarding Claims Made in the Amended Petition**

On July 12, 2023, Petitioner moved to lift the stay and to allow him to amend the Petition (ECF No. 32).  He did not attach a proposed amended petition, but indicated he wished to raise claims of ineffective assistance of appellate counsel and denial of due process because he was tried by an incapacitated judge. *Id.* at PageID 2049.  Magistrate Judge (now Chief Magistrate Judge) Stephanie Bowman recommended granting that unopposed motion (Report and Recommendations, ECF No. 33).  Her Report refers only to the due process impaired judge claim, and not any ineffective assistance of appellate counsel claim.  *Id.* at PageID 2053-54.

Judge Bowman's Report was filed on May 2, 2024.  Without waiting for Judge Hopkins to adopt the Report, Petitioner filed his Amended Petition on June 27, 2024, as if permission to file had already been granted rather than merely recommended.  Judge Hopkins adopted that recommendation and set an answer date of October 10, 2024 (ECF No. 36).

On that date, Respondent filed a return to the Amended Petition (ECF No. 39).  A month later, Petitioner moved for leave to file a traverse *instanter* and for supplementation of the record (ECF No. 40).  That Motion was still pending when the Magistrate Judge reference in the case was transferred to the undersigned on February 14, 2025 (ECF No. 41).  The undersigned then granted the pending Motion the same day (ECF No. 42) and Petitioner's Traverse was separately docketed (ECF No. 43).  That was the state of the docket when the undersigned filed the Report.

**The Report and Objections**

The Amended Petition pleads two Grounds for Relief:

> **Ground One:** Petitioner suffers denial of due process and right to a fair trial pursuant to the prejudice suffered from a trial before an incapacitated judge and failure of the mechanism designed to correct such.
>
> **Ground Two:** The consecutive sentences imposed below fail the Eighth Amendment disproportionality test and/or violate the Fifth Amendment prohibition against multiple punishments for the same offense.

(ECF No. 34, PageID 2063, 2066).

Ground One is the claim on which the stay was granted. Ground Two was brought into this case only with the Amended Petition. The Court has jurisdiction to consider Ground Two despite the prohibition on second and successive habeas petitions in 28 U.S.C. § 2244(b) because no judgment was entered as yet as to the original Petition. Even a new habeas case filed while a prior one is pending is not second or successive, but is to be treated as a motion to amend. *In re: David Barron,* Case No. 24-3474 (6th Cir. Feb. 5, 2025), citing *In re Stevenson*, 889 F.3d 308, 309 (6th Cir. 2018).

**Statute of Limitations**

In the Return to the Amended Petition, Respondent asserted both grounds for relief made in the Amended Petition were barred by the statute of limitations which is codified at 28 U.S.C. § 2244(d). The Report agreed that the new claims did not relate back to the date of the original claims because the new claims did not arise from a "common core of operative facts" with the original claims, as required for relation back under Fed.R.Civ.P. 15. Report, ECF No. 45, PageID 2352, citing *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650).

Petitioner objects:

> The Magistrate also perceives Ground One of Amended Petition to
> be barred by the statute of limitations based upon not "relating back"
> to a "common core of operative facts", but he is misplaced here. The
> original petition raised three (3) against the state trial court that
> involved the judge's rulings and legal basis for jury instructions.
> **Clearly, the trial judge's incapacitation relates back to these
> competency issues and are subject to a motion for new trial
> under Ohio Crim. R. 33.** Therefore, Ground One "relates back" to
> the original, timely petition and the Court of Appeals' decision
> violated clearly established Federal law. *Williams v. Taylor,* 529 U.
> S. 420, 435 (2000)(the inquiry is not whether the facts could have
> been discovered but whether the prisoner was diligent in his efforts.
> Diligence depends upon whether the prisoner made a reasonable
> attempt, in light of the information available at the time, to
> investigate and pursue claims in state court). Petitioner was clearly
> diligent in bringing claim before this Court for its corrective powers.

(Objections, ECF No. 46, PageID 2359, emphasis supplied). This objection misunderstands the
relation back rule which speaks to the question whether there is a common core of facts. The
claims that the trial judge committed legal, indeed constitutional, error in his rulings in no way
depended upon asserting he was incapacitated by alcohol and no such assertion was made (See
Report and Recommendation, ECF No. 1, PageID 5-9). The question under Fed.R.Civ.P. 15(c) is
not how diligent a petitioner was in gathering facts, but whether the facts gathered are part of the
same "common core" of facts with original claims.

The Report also concluded the facts underlying Ground Two, ineffective assistance of
appellate counsel, were not part of a common core of operative facts with the original claims.
Petitioner makes no objection on this point and none would have merit. An ineffective assistance
of appellate counsel claim relates entirely to what appellate counsel did, not any incapacity or other
failing of the trial judge.

The Report analyzed the statute of limitations question under 28 U.S.C. § 2244(d)(1)(A)
(Report, ECF No. 45, PageID 2351-52). The Report also analyzed the possibility that Petitioner

would rely on 298 U.S.C. § 2244(d)(1)(D), but rejected any such claim. *Id.* at PageID 2352-55. Petitioner makes no objection to that analysis and thus has waived any opportunity for doing so.

**Procedural Default**

Respondent asserted that both Grounds for Relief in the Amended Petition were barred from merits review in habeas corpus because of Petitioner's procedural default in presenting them to the Ohio courts. The Report notes that Petitioner hade made no response to this affirmative defense in his Traverse and recommended that the defense be upheld. The undersigned concluded Petitioner had defaulted on Ground One by never appealing to the Ohio Supreme Court from dismissal of his Petition for Post-Conviction Relief as untimely (Report, ECF No. 45, PageID 2356). Petitioner makes no objection to this conclusion and indeed does not claim he appealed to the Ohio Supreme Court. The United States Supreme Court has held failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

The Report also concluded Ground Two was procedurally defaulted because the Ohio Fourth District Court of Appeals found Petitioner's attempt to present this issue in a motion for reconsideration filed January 2, 2024, was untimely (Report, ECF No. 45, PageID 2356).

Petitioner's Objections claim "The Magistrate finds that Ground Two suffers procedural default based on failure to meet the dictates of §2244(d)(l)(D)." (Objection, ECF No. 46, PageID 2359). The undersigned has no idea where that notion came from. There is no citation to §2244(d)(1)(D) at all in the procedural default analysis in the Report. Indeed, that statute is part of the AEDPA statute of limitations. Procedural default depends upon application of state law and

5

it recognition by the federal courts is not governed by AEDPA; Congress made no effort to regulate procedural default law in that statute.

In denying Petitioner leave to file for reconsideration of its prior decision, the appellate court here noted that the application was being made almost seven years after that prior decision, despite Ohio App. R. 26(A)(1) which requires applications for reconsideration to be made within ten days of notice of the appellate judgment.  Petitioner had argued that a 2023 decision during the interim created an "extraordinary circumstance" permitting an exception.  For a number of reasons, the Fourth District held that new decision of the Ohio Supreme Court did not create an extraordinary circumstance, noting in particular that judicial decisions in Ohio are not generally retroactively applied to judgments which became final before they were handed down (Decision and Entry, State Court Record, ECF No. 38, Ex. 48).   Petitioner's citation of *Volpe v. Trim,* 708 F.3d 688 (6th Cir. 2013), is inapposite.   *Volpe* did not reverse Ohio's general rule of nonretroactivity or conclude that Ohio had abandoned its position.  Petitioner's Application for Reconsideration in which he attempted to obtain Ohio court consideration of Ground Two was rejected as untimely by nearly seven years.  The Fourth District also noted there was nothing to "reconsider" because he had not raised either consecutive sentencing or Double Jeopardy issues in his direct appeal.

**Conclusion**

Having reconsidered the Report in light of Petitioner's Objections, the Magistrate Judge adheres to his prior conclusion that the claims in the Amended Petition should be dismissed with prejudice.  The Court should enter judgment dismissing both the original Petition and the Amended

Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 21, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #